# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK J. RYCHEL, | ) | |
| Plaintiff | ) ) ) | CASE NO. 2:09-CV-01514 |
| v. | ) ) | |
| LANE YATES and | ) ) | JUDGE NORA BARRY FISCHER, |
| MICHAEL QUICKEL, JR., | ) ) | District Judge |
| Defendants | ) ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

The present case is a diversity action arising out of Mark J. Rychel's (*hereinafter*, "Plaintiff") suit against Lane Yates and Michael Quickel, Jr., (*hereinafter*, collectively "Defendants") alleging breach of contract and fraud in the inducement to form a contract. (Docket No. 20 at ¶¶ 1-4). Plaintiff is a resident of Pennsylvania, and Defendants are residents of North Carolina. (*Id.*).

In their Motions to Dismiss, Defendants argue that this Court lacks personal jurisdiction over them and that this Court is not the proper venue for the present action, such that Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (Docket Nos. 21, 23, 26, 27). Defendants also argue that certain of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

For the reasons stated herein, Defendants' Motions are DENIED, without prejudice. However, inasmuch as the Court deems it to be necessary for the proper exercise of jurisdiction in

the instant case, limited discovery shall be ordered.

## II. PROCEDURAL BACKGROUND

On November 12, 2009, Plaintiff brought his first Complaint against Defendants in the Western District of Pennsylvania, alleging breach of contract and fraud in inducement. (Docket No. 1). Defendants each filed Motions to Dismiss for lack of jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Docket Nos. 10, 13). Plaintiff was granted leave to file an Amended Complaint on March 19, 2010, and filed his Amended Complaint on April 5, 2010. (Docket Nos. 19, 20). In response, Defendants again filed Motions to Dismiss based on the grounds stated in their original Motions to Dismiss. (Docket Nos. 21, 23). Plaintiff filed his Response to Defendants' Motions to Dismiss, with Plaintiff's Affidavit attached, on May 6, 2010. (Docket No. 25). Defendants filed their Reply Briefs in support of their motions on May 17, 2010 (Docket Nos. 26-27). Thus, the Motions are fully briefed and ripe for disposition.

## III. FACTUAL BACKGROUND

In reviewing a motion to dismiss under Rule 12(b)(2), as with a motion under Rule 12(b)(6), the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). But, "[o]nce the motion is made, plaintiff must respond with actual proofs [in the form of affidavits or other competent evidence], not mere allegations."*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir.1984). Any disputes of fact created by affidavits and depositions "are generally resolved in favor of the non-moving party." *McMullen v. European Adoption Consultants, Inc.*, 129 F.Supp.2d 805, 810 (W.D.Pa.2001). Accordingly, the following facts are drawn from the allegations in Plaintiff's pleadings, as well as the Affidavit of Mark J. Rychel, attached to Plaintiff's

Response to the Motions to Dismiss. (Docket No. 25-1)

In 2005, a client of Plaintiff's financial planning business sought Plaintiff's assessment of a potential real estate development on the island of Grand Turk, in the Turks & Caicos Islands. (Docket Nos. 20 at ¶8, 25-1 at ¶1). The name of the development in question was "Sailview Development, Ltd." (*hereinafter*, "Sailview"). (*Id.*). In gathering information on Sailview, Plaintiff was introduced to Sergio Radovcic. (Docket Nos. 20 at ¶9, 25-1 at ¶¶2-3). Mr. Radovcic allegedly informed Plaintiff that he had become acquainted with Defendant Quickel while investigating real estate prospects in Turks & Caicos Islands, and was now acting as Defendants' sales agent in the Pittsburgh area with respect to Sailview. (*Id.*).

During the first half of 2005, Mr. Radovcic met with Plaintiff at Plaintiff's place of business in Allegheny County, Pennsylvania, to evaluate investment opportunities in Sailview. (Docket Nos. 20 at ¶10, 25-1 at ¶¶5-6). Mr. Radovcic and Plaintiff discussed Sailview's background and potential terms for investment. (*Id.*). Mr. Radvocic's alleged aim throughout the discussions with Plaintiff was to sell interests in Sailview. (*Id.*). Plaintiff was informed that Defendants were the principal promoters of Sailview, and Mr. Radovcic placed Plaintiff in contact with Defendant Quickel in July of 2005. (Docket Nos. 20 at ¶¶11-12, 25-1 at ¶¶7-8).

Throughout July of 2005, Plaintiff had numerous phone conversations and emails with Defendants regarding Sailview, during which Defendants represented to Plaintiff that the development was adequately funded, had commitments for the sale of condominiums, and was ready to break ground. (Docket Nos. 20 at ¶13, 25-1 at ¶¶8-9, 11). Allegedly relying upon Defendants' representations regarding Sailview, Plaintiff decided to purchase a condominium. (Docket Nos. 20 at ¶¶14-15, 25-1 at ¶10). Plaintiff entered into a series of written agreements - by mail - with

Defendants, pursuant to which he was to advance the purchase price in exchange for the right to a full refund with interest, and he then did advance the purchase price in installments by mail and by wire. (Docket Nos. 20 at ¶¶16-23, 25-1 at ¶¶13-23).

On or about March 18, 2008, Plaintiff became aware of alleged misrepresentations made by Defendants when they sought to convince him to invest in Sailview. (Docket Nos. 20 at ¶25, 25-1 at ¶¶24-25). Via email correspondence, Plaintiff sought the refund of his advance to Defendants. (Docket Nos. 20 at ¶¶26-32, 25-1 at ¶¶26-28). The Defendants initially advised that only a portion of the advance could be returned, and eventually acknowledged that Sailview had failed and Plaintiff would not receive his advance under the terms of previous agreements. (*Id.*).

## IV. STANDARD OF REVIEW

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for lack of jurisdiction over the person. FED.R.CIV.P. 12(b)(2). A defendant bears the initial burden of raising a lack of personal jurisdiction defense. *See* FED.R.CIV.P. 12(h)(1); *National Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459, 460 (E.D.Pa.1998). However, "[w]here the defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (East) PSFS, N.A. v. Di Veronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir.1993) (citations omitted). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state.*" Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (internal quotation and citations omitted); see also *Saudi v. Acomarit Maritimes Services*,

S.A., 245 F.Supp.2d 662, 667 (E.D.Pa.2003). "Once the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 150 (3d Cir.1992) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1986)).

When deciding a motion to dismiss for lack of personal jurisdiction, the Court first accepts as true the factual allegations in the complaint. *Pinker*, 292 F.3d at 368 (3d Cir. 2002). However, by its nature, a motion to dismiss under "Rule 12(b)(2) 'requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies.'" *Clark v. Matsushita Elec. Indus. Co., Ltd.*, 811 F.Supp. 1061, 1064 (M.D.Pa.1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir.1984)). Therefore "a plaintiff may not solely rely on bare pleadings to satisfy his jurisdictional burden. Rather, the plaintiff must offer evidence that establishes with reasonable particularity sufficient contact between the defendant and the forum state to support jurisdiction." *Poole*, 122 F.Supp.2d at 557 (citing *Carteret Savings Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992)).

> Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [T]herefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club*, 735 F.2d at 66 n. 9. At the same time, disputes of fact created by affidavits and depositions "are generally resolved in favor of the non-moving party." *McMullen v. European Adoption Consultants, Inc.*, 129 F.Supp.2d 805, 810 (W.D.Pa.2001).

## V. DISCUSSION

### A. FED. R. CIV. P. 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction

The Due Process Clause protects defendants from the binding judgments of foreign states with which the defendants had no significant "contacts, ties, or relations." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (*citing International Shoe v. Washington*, 326 U.S. 310, 319 (1945)). Due Process requires that a defendant be provided 'fair warning' and a 'degree of predictability' regarding how his conduct may subject him to legal process and liability in a particular forum. *Id.*

In a diversity claim, for a federal court to establish personal jurisdiction it must answer two questions. *Imo Industries v. Kiekert A.G.*, 155 F. 3d 254, 258-59 (3d Cir. 1998). First, a court must determine whether the applicable state jurisdictional statute would allow a court to exercise its jurisdiction under the circumstances of the particular case. *Id.* Second, a court must determine whether the reach of the state statute comports with the Due Process Clause of the Federal Constitution. *Id.* In the case of a "long-arm" personal jurisdiction statute - where, as in Pennsylvania, the state statue provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States" (42 Pa. Cons.Stat. Ann. § 5322(b)) - the two questions collapse into one: does Federal Constitution allow the state to exercise personal jurisdiction over the defendant? *Imo Industries*, 155 F.3d at 258-59 (3d Cir. 1998). The constitutional test used to answer this question depends upon whether the jurisdiction sought is 'general' or 'specific.' *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984).

Only specific jurisdiction is relevant to this matter. 'Specific jurisdiction' is "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum."*Id.* at 414 n. 8. To establish specific personal jurisdiction, a plaintiff must show that a

defendant had fair warning that he or she was subject to legal process in a particular state because the defendant had 'minimum contacts' with the state. *Marten v. Godwin*, 499 F. 3d 290, 296 (3d Cir. 2007) (*citing Burger King*, 471 U.S. at 472)). Plaintiffs can satisfy either of two different three prong tests to make this showing. The 'traditional' test requires a plaintiff show that: (1) the defendant "purposefully directed" his activities at the forum; (2) the plaintiff's claim "arise out of or relate to" at least one of those activities; and (3) assertion of jurisdiction otherwise "comports with fair play and substantial justice." *Id.* (internal quotations omitted). Alternately, the 'effects' test requires a plaintiff to show that: (1) the defendant committed an intentional tort; (2) the forum was the focal point of the plaintiff's harm from the tort; and (3) the tort was "expressly aimed" at the forum, in that the defendant knew that the "brunt" of the injury would be felt by the plaintiff in the forum. *Imo Industries*, 155 F.3d 261. *See Calder v. Jones,* 465 U.S. 783 (1984).

When jurisdiction is in question, discovery can be used to uncover relevant facts. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). When the burden of proving personal jurisdiction has shifted to the plaintiff, a district court should allow the plaintiff discovery unless the basis of plaintiff's personal jurisdiction claim is clearly frivolous. *Id.*, *citing Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 721 F. 2d 357, 362 (3d Cir. 1983). To demonstrate that his assertion of personal jurisdiction is not clearly frivolous, a plaintiff must make a prima facie showing of "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state.'" *Toys "R" Us v. Step Two S.A.*, 318 F. 3d 446, 456 (3d Cir. 2003) (*citing Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F. 2d 1217, 1223 (3d Cir. 1992)). While district courts have discretion to set the scope of appropriate discovery, the Court of Appeals for the Third Circuit has held that discovery should

be broad enough to allow the plaintiff to look into each alleged ground for assertion of personal jurisdiction, until each may be conclusively ruled out. *Compagnie Des Bauxites de Guinee,* 721 F. 2d at 363.

In the present case, Plaintiff implicitly argues that under the 'traditional' specific personal jurisdiction test, jurisdiction lies with this Court because the Defendants directed their activities at Pennsylvania, and Plaintiff's claim arises from Defendants' acts. (Docket No. 20 at ¶6). Specifically, Plaintiff asserts that Defendants utilized Sergio Radovcic as a commissioned sales agent in Pennsylvania, and that Mr. Radovcic solicited Plaintiff's business on Defendants' behalf in Pennsylvania. (*Id.*). Plaintiff also claims that Defendants' contacts with Plaintiff in Pennsylvania were 'instrumental' in the formation of the contract at issue. (*Id.*). Plaintiff also invokes the 'effects' test when stating that Defendants' fraudulent actions were directed at the Plaintiff in Pennsylvania, that he suffered the brunt of his injuries there, and that Defendants were aware that the consequences of their actions were to result in Pennsylvania. (*Id.*).

Given the factual allegations in Plaintiff's Amended Complaint and his sworn Affidavit, he has made a sufficient prima facie showing that his claim of personal jurisdiction is not clearly frivolous, and he is, therefore, entitled to some measure of discovery. Although the existence of a contractual relationship and occasional communication with the Plaintiff in Pennsylvania may not be enough to assert jurisdiction - no other part of the parties' relations having taken place in Pennsylvania - evidence of the extent of Defendants' direct communication with Plaintiff, or evidence of the activities of Mr. Radovcic and his relationship to Defendants, may fulfill the requirements of the 'traditional' test. *Vetrotex Certainteed*, 75 F. 3d at 151-52. Similarly, discovery may establish additional proof of Defendants' intent and fulfill the 'effects' test. Just because Plaintiff

was in Pennsylvania, and Defendants directed alleged tortious conduct at Plaintiff, that does not mean that Defendants expressly aimed their conduct at Pennsylvania; the state must be the focus of the Defendants' out-of-state activities that give rise to the suit. *Marten*, 499 F. 3d at 298. Mr. Radovcic's relationship with Defendants, their instructions to him, if any, and the nature and extent of their communications with Plaintiff will likely be central to this determination, as well.

Accordingly, Defendants' Rule 12(b)(2) Motions to Dismiss for lack of personal jurisdiction are DENIED, without prejudice. Defendants may bring said motions again, if discovery reveals appropriate grounds for doing so.

### B. Remaining Motions

Defendants' motions under Rules 12(b)(3) and 12(b)(6), argue that this Court is not the proper venue for Plaintiff's claims and that Plaintiff has not pled his Fraud in the Inducement with the heightened particularity required by FED. R. CIV. P. 9. (Docket Nos. 21 at 2, 23 at 4-6). Since it has not been established whether this Court has jurisdiction over Plaintiff's claims, the Court must abstain from ruling on these remaining motions at this time. *See Carteret Savings Bank, FA v. Shushan*, 919 F.2d 225 (3d Cir. 1990) (holding that a district court exceeded its authority by transferring a case to another district after finding that it lacked jurisdiction over the case). Accordingly, the remaining motions are also DENIED, without prejudice. Defendants may bring said motions again, if discovery reveals that this Court has jurisdiction over Plaintiff's claims.

### VI. CONCLUSION

For the foregoing reasons, Defendant Yates' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim (Docket No. 21) and Defendant Quickel's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2),

12(b)(3), and 12(b)(6) (Docket No. 23) are DENIED, without prejudice. The Court orders limited discovery on issues related to the question of personal jurisdiction in the next ninety days. Defendants may renew their motions once the limited discovery is complete. Appropriate Order to Follow.

             *s/Nora Barry Fischer*
             Nora Barry Fischer
             United States District Judge

CC/ECF:  All Counsel of Record
Date:   June 9, 2010